# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

MIKE ROARK,                 )
                                  )
          **Plaintiffs,**       )
                                  )
**v.**                                )       **Case No. CIV-08-080-SPS**
                                  )
**FFE TRANSPORTATION**      )
**SERVICES, INC., and ANTONIO**   )
**CLAY, individually,**         )
                                  )
          **Defendants.**       )

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO JOIN PARTIES

The Plaintiff Mike Roark sued the Defendants for injuries he sustained in an automobile accident. The Defendant FFE Transportation Services, Inc. ("FFE") seeks to join other persons injured in the accident as necessary parties pursuant to Fed. R. Civ. P. 19. For the reasons set forth below, the Defendant's Motion to Join the Estate of Tara Roark, Matthew Roark, Shirley Jones, and Dan Jones as Indispensable Parties and Brief Thereof [Docket No. 31] is hereby DENIED.

### A. Factual Background

The automobile accident at issue in this case occurred on an icy bridge on Interstate 40 on December 9, 2007. The Plaintiff Mike Roark was traveling west at the time in a car driven by his brother Matthew Roark, whose wife Tara was also in the car. Matthew stopped the car because the highway was blocked by a previous accident. The Defendant Antonio Clay was following in a FFE truck and struck not only the Roark vehicle but others at the

scene as well. This caused a fire in which Tara and three other persons were killed. The Roark brothers escaped the fire but claim other injuries arising out of the accident.

Mike Roark filed suit here on March 4, 2008, alleging diversity of citizenship pursuant to 28 U.S.C. § 1332. Matthew Roark and Tara's parents, Dan and Shirley Jones, filed suit in the District Court of Oklahoma County, State of Oklahoma, as did others involved in the crash. FFE seeks by its motion to bring Matthew Roark, the Joneses and Tara Roark's estate into this action as parties plaintiff.

## B. Analysis

FFE contends that the estate of Tara Roark, Matthew Roark, and Dan and Shirley Jones are necessary parties to this action pursuant to Fed. R. Civ. P. 19, which provides in pertinent as follows:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). FFE argues that Rule 19(a)(1)(B)(ii) applies here, *i. e.*, that FFE would be subjected "to a substantial risk of incurring . . . inconsistent obligations" if the estate of Tara Roark, Matthew Roark, and Dan and Shirley Jones are not made parties

plaintiff to this case.[1]  Such argument notwithstanding, it is clear that what FFE is concerned

about is not "inconsistent obligations" but instead "inconsistent results," *i. e.*, the possibility

that FFE might prevail against Matthew Roark in this Court but not against the other parties

in the District Court of Oklahoma County (or *vice versa*) even though all claims arise out of

the same set of operative facts.  *See* Docket No. 47, p.5 ("Specifically, this Court and the

state court in which the New Parties' claims against FFE are currently pending may reach

different conclusions as to liability, thereby holding FFE liable in one action, but not the

other.").  *See also* Docket No. 31, p.2 (referring to the motion being made "[i]n order for

there to be a full adjudication of the claims against Defendant, and in order to avoid the

possibility of unnecessary expense, judicial inefficiencies, *and the possibility of inconsistent*

*results*[.]") [emphasis added]; Docket No. 31, p. 5 ("Here, without the addition of these new

parties, the Defendant faces a substantial risk of multiple lawsuits with the possibility of

_____

[1]    What FFE actually contends (at least in its initial brief) is that the estate of Tara Roark,
Matthew Roark, and Dan and Shirley Jones are *indispensable parties* pursuant to Fed. R. Civ. P.
19(b).  Indeed, both parties exhibit some confusion on this point; the Defendant argues at length
about the elements of indispensability as reasons for joinder, while the Plaintiff argues against
joinder by contending that it would defeat diversity jurisdiction (a reason indispensability would
have to be addressed).  Nevertheless, it is clear that what the Defendant *really* contends is that the
unnamed plaintiffs are *necessary parties* who must be joined pursuant to Fed. R. Civ. P. 19(a).  The
Defendant is, after all, seeking joinder for purposes of resolving all claims in this action; the
question as to indispensability would be whether the action should proceed without the unnamed
parties or be dismissed pursuant to Fed. R. Civ. P. 12(b)(7).  *See* Fed. R. Civ. P. 19(b). ("If a person
who is required to be joined if feasible cannot be joined, the court must determine whether, in equity
and good conscience, the action should proceed among the existing parties or should be
dismissed.").  *See also Davis v. United States*, 192 F.3d 951, 959 (10th Cir. 1999), *cert. denied*, 542
U.S. 937 (2004) ("If the district court concludes the action cannot proceed in equity and good
conscience, it must deem the absent party indispensable and dismiss the suit.") [quotation marks
omitted], *citing Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 119 (1968).

inconsistent results."); Docket No. 47, p. 7 (referring to the unnamed parties' claims as "direct claims subjecting Defendant to multiple actions arising from the same allegedly negligent act that could potentially result in different conclusions.").

Inconsistent results are not, however, the same as inconsistent obligations for purposes of Fed. R. Civ. P. 19(a)(1)(B)(ii). *See, e. g., Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998). *See also* 4 Moore's Federal Practice ¶ 19.03 (3d ed.1997). The *Delgado* court summed up the difference as follows:

> Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum. Unlike a risk of inconsistent obligations, a risk that a defendant who has successfully defended against a party may be found liable to another party in a subsequent action arising from the same incident--i.e., a risk of inconsistent adjudications or results--does not necessitate joinder of all of the parties into one action pursuant to Fed. R. Civ. P. 19(a).

139 F.3d at 3 [internal citations omitted]. Thus, "the mere possibility of inconsistent results in separate actions does not make the plaintiff in each action a necessary party to the other." *Id.* The Tenth Circuit is in accord with this view. *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1367 (10th Cir. 1982) (concluding that an unnamed plaintiff injured in the same car as the named plaintiff was not indispensable because she did not meet any of the requirements of Fed. R. Civ. P. 19(a) for being a necessary party).

The Defendant cites *Symes v. Harris,* 472 F.3d 754 (10th Cir. 2006) as standing for the proposition that the "potential for defendant to be subjected to an additional or derivative

lawsuit by the joined party met the requirements of Rule 19 because there was a substantial risk the defendant would incur double, multiple, or otherwise inconsistent obligations." *See* Docket No. 31, p. 5. But the dispute in *Symes* involved a contract and the unnamed party apparently had some interest therein. *See, e. g., National Union Fire Insurance Company of Pittsburgh, PA v. Rite Aid*, 210 F.3d 246, 250-51 (4th Cir. 2000) (noting that an unnamed contracting party is necessary (and indispensable) to a dispute involving the contract unless its interest is adequately represented by a named party). By contrast, the Plaintiff and the unnamed parties here have legally separate (although factually related) tort claims. *See Harris,* 687 F.2d at 1367 ("In the instant case, while the claims advanced by Kimberly Harris and Sherry Harden arose out of the vehicle collision of January 25, 1979, the only fact common to the separate claims pleaded by Harris and Sherry Harden is that their claims arose by reason of injuries sustained in that accident. The record amply demonstrates that Kimberly Harris' claims were in nowise dependent upon Sherry Harden as a party. In short, Harris could successfully advance her claims and action completely independent of Sherry Harden. By the same token, Sherry Harden's claims were not dependent upon Kimberly Harris as a party. Here, too, Sherry Harden could successfully advance her claims and action completely independent of Kimberly Harris."). The Defendant's reliance on *Symes* is thus clearly misplaced.

Also misplaced is the Defendant's reliance on two recent decisions by this Court dismissing actions for failure to join indispensable parties under Fed. R. Civ. P. 19(b). *See Imtec v. Shatkin*, CIV-07-181-JHP, 2007 WL 4593506 (E.D. Okla. 2007); *IMTEC v. Moore*,

CIV-07-355-JHP, __ F.R.D. __, 2008 WL 563463 (E.D. Okla. 2008). The named plaintiff in the *Shatkin* case essentially conceded that the unnamed plaintiff (who like the unnamed plaintiff in *Symes* was a party to the contract in dispute) was a necessary party but argued that he was not indispensable. *See Shatkin*, 2007 WL 4593506, at * 3. And the defendant in the *Moore* case, unlike the Defendant in this case, actually was potentially subject to inconsistent obligations, *i. e.*, the possibility of being enjoined in one action but not in another. *See Moore*, 2008 WL 563463, at * 3. Thus, both cases are clearly distinguishable from this case.

The Defendant makes numerous references to the fact that judicial economy would be served by requiring the unnamed parties to assert their claims here. Assuming *arguendo* this is true, it is undoubtedly beside the point where the requirements of Rule 19(a) have not been met. *See, e. g., see Field v. Volkswagenwerk AG*, 626 F.2d 293, 301 (3d Cir. 1980), *disagreed with on other grounds by Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826 (1989) ("'The standards for determining whether joinder must be ordered,' however, . . . 'are not the relative conveniences of the parties but those prescribed by Rule 19[.]'"), *quoting Bevan v. Columbia Broadcasting System, Inc.*, 293 F. Supp. 1366, 1369 (S.D. N.Y. 1968). *See also Delgado*, 139 F.3d at 3 ("Although we think the district court was likely correct in thinking that efficiency would be served if Delgado's claim and Ocasio's claim were litigated in the same proceeding, Fed. R. Civ. P. 19 does not permit us to treat this concern alone as a basis for refusing to exercise diversity jurisdiction over this case.").

In summary, the Defendant has failed to show that the non-joinder of the unnamed plaintiffs may result in inconsistent obligations within the meaning of Fed. R. Civ. P.

19(a)(1)(B)(ii). Although the Defendant may incur inconsistent litigation results, this does not make the unnamed plaintiffs necessary parties under Fed. R. Civ. P. 19(a)(1)(B)(ii). Consequently, the Court finds that Matthew Roark, Dan and Shirley Jones, and the estate of Tara Roark are not necessary parties to this action, and that the Defendant's Motion to Join the Estate of Tara Roark, Matthew Roark, Shirley Jones, and Dan Jones as Indispensable Parties and Brief Thereof [Docket No. 31] should therefore be denied.

### C. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that the Defendant's Motion to Join the Estate of Tara Roark, Matthew Roark, Shirley Jones, and Dan Jones as Indispensable Parties and Brief Thereof [Docket No. 31] is DENIED.

**IT IS SO ORDERED** this 18th day of July, 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**